Howell, J.
This is a suit to effect the settlement oí the partnership which existed between the parties, and the only question for our decision is whether or not the plaintiff is responsible for three notes made by the defendant to his own order and used as capital in establishing the partnership.
These parties purchased a large brewery from Fasnacht Bros, for $100,000, one-fourth cash, and the balance in monthly installments, evidenced by notes made by the defendant to his own order and secured by mortgage on the property purchased. Not having the money to make the cash payment, the vendors agreed to take notes of the purchasers, indorsed by their friends, and the plaintiff, Wild, furnished one for $12,500, indorsed by Hecker, and the defendant, Erath, three, one for $5000, indorsed by Ramelli, one for same sum, indorsed by Battalosa, and one for $2500, indorsed by Boehler. About four years *172 afterward, the defendant made a written proposition to the plaintiff to dissolve the partnership and transfer to him the property, claims, etc., on condition—
First — That plaintiff would assume all the debts of the partnership.
Second — The partners should release all claims against each other.
Third — Plaintiff, within a fixed time, to discharge defendant from all outstanding notes having the signature of Erath & Co. (the style of their firm), and the mortgage notes given by defendant for the original purchase.
This proposition was accepted, and the plaintiff entered into sole possession of the premises. He subsequently caused a notarial act of settlement to be prepared in conformity to the written proposition and called upon the defendant to sign it, which he refused to do, and hence this suit.
As the three notes in controversy do not bear the signature of the firm, and are not especially mentioned, as are those given by Erath alone for the purchase of the property, we think they are not embraced in the proposition for a settlement. Inclusio unius est exclusió alterius. Unless they were specially and expressly included, it would not be presumed that tbey'would be, for they simply represented the cash capital which the defendant should have put in and are his individual debt, not in any manner the debt of the firm, and It was only the debts of the firm that plaintiff was to assume. The notes given by defendant for the price of the property were made the debt of the firm by the.act of partnership and purchase; but the notes given by each partner to represent the cash which each agreed to advance as the capital of the partnership were and are the individual debts of each partner, and neither one is responsible for the notes of the other unless he expressly made himself liable therefor; and there is nothing in the record to show such assumed liability. The fact that the interest on such notes was paid by the firm and charged to the maker does not make the notes the debt of the firm. Nor would the payment of the said notes out of the interest of each partner in the partnership have such an effect.
It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of plaintiff dismissing defendant’s claim in reconvention and condemning him to perform and carry into effect the contract of transfer and dissolution of partnership described in plaintiff’s petition and marked “B,” according to its true intent and spirit, defendant to pay all costs.
Rehearing refused.